ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL XI

| | | |
|---|---|---|
| **CARLOS A. MERCADO RIVERA LILLIAM MALDONADO CORDERO**<br><br>Recurridos<br><br>v.<br><br>**ALINA VICENTE LÓPEZ**<br><br>Peticionaria | TA2026AP00637 | **APELACION** acogida como **CERTIORARI** procedente del Tribunal de Primera Instancia, Sala Superior de **Humacao**<br><br>Civil Núm.: **CG2022CV01145**<br><br>Sobre: Daños y Perjuicios |

Panel integrado por su presidenta, la Jueza Rivera Marchand, la Jueza Mateu Meléndez y la Jueza Boria Vizcarrondo.

Boria Vizcarrondo, Jueza Ponente.

### SENTENCIA

En San Juan, Puerto Rico, a 25 de junio de 2026.

Comparece ante nos la señora Alina Vicente López (Sra. Vicente López o Peticionaria) mediante una *Apelación Civil* presentada el 17 de junio de 2026. Nos solicita que revoquemos la determinación emitida el 22 de abril de 2026, notificada al día siguiente, por el Tribunal de Primera Instancia, Sala Superior de Humacao (TPI).[1] Mediante el referido dictamen, el foro primario declaró No Ha Lugar la *Moción Urgente de Anulación de Sentencia y sus Efectos al Amparo de la Regla 49.2* presentada por la Sra. Vicente López.[2]

En vista de que se acude ante este foro para impugnar un dictamen post-sentencia, acogemos el presente recurso como un auto de *certiorari,* pero mantenemos el alfanumérico asignado por la Secretaria de este Tribunal.

---

[1] Sistema Unificado de Manejo y Administración de Casos (SUMAC) TPI, Entrada Núm. 351.
[2] *Íd.*, Entradas Núms. 333, 334 y 335.

Por los fundamentos que expondremos a continuación, desestimamos el recurso por falta de jurisdicción.

**I.**

El caso de autos tuvo su origen el 11 de abril de 2022, cuando la señora Lilliam Maldonado Cordero (Sra. Maldonado Cordero) y el señor Carlos A. Mercado Rivera (en conjunto, matrimonio Maldonado-Mercado o Recurridos) presentaron una *Demanda* sobre libelo, daños y perjuicios en contra de la Sra. Vicente López.[3] Alegaron que la Sra. Vicente López agredió a la Sra. Maldonado Cordero y solicitó varias órdenes de protección en su contra bajo imputaciones falsas y maliciosas.

Tras varias incidencias procesales, el 12 de septiembre de 2025, el TPI emitió una *Sentencia Final* en rebeldía por los reiterados incumplimientos con las órdenes del tribunal por parte de la Sra. Vicente López.[4] En consecuencia, declaró Ha Lugar la *Demanda* instada por el matrimonio Maldonado-Mercado.

Posteriormente, el 12 de febrero de 2026, la Sra. Vicente López radicó una *Moción Urgente de Anulación de Sentencia y sus Efectos bajo Regla 49.2*.[5] Mediante esta comparecencia, la Sra. Vicente López solicitó el relevo de sentencia ante la falta de una parte indispensable.

Por su parte, el matrimonio Maldonado-Mercado presentó su *Réplica a Mociones de la Demandada al Amparo de la Regla 49.2, Presentadas a las Entradas: 333, 334 y 335*.[6]

Atendido el traslado del caso, el 22 de abril de 2026, el TPI emitió su *Resolución* en la que declaró No Ha Lugar la solicitud de la Sra. Vicente López y ordenó la continuación de los procedimientos post sentencia.[7]

---

[3] *Íd.*, Entrada Núm. 1.
[4] *Íd.*, Entrada Núm. 244.
[5] *Íd.*, Entradas Núms. 333, 334 y 335.
[6] *Íd.*, Entrada Núm. 336.
[7] *Íd.*, Entrada Núm. 351.

Inconforme, el 17 de junio de 2026, la Sra. Vicente López presentó ante nos una *Apelación Civil*, en la que imputó la comisión de los siguientes errores:

**ERRO EL TRIBUNAL DE PRIMERA INSTANCIA Y ABUSÓ CRASAMENTE DE SU DISCRECIÓN JUDICIAL SALA MUNICIPAL DE GURABO AL CARECER DE JURIDICCION SOBRE LA MATERIA ADMINISTRATIVA Y PRETENDER ADJUDICAR EL DERECHO DE SERVIDUMBRE PLUVIAL YA CEDIDO DESDE EL 22 DE MAYO DE 1989 EN LA RESOLUCION DE ARPE 89-03-890 AL CUAL LA LEY 161 DEL 2009 LE IMPONE UN CUMPLIMENTO Y LEGALIDAD ESTRICTO QUE DEBEN DE CUMPLIR LOS TRIBUNALES DE PR A LOS [RECURRIDOS] CONTRARIO A LA LEY.**

**ERRO EL TRIBUNAL DE PRIMERA INSTANCIA Y ABUSÓ CRASAMENTE DE SU DISCRECIÓN JUDICIAL SALA MUNICIPAL DE GURABO AL PERMITIR QUE LOS [RECURRIDOS] SE HAYAN PRESENTADO Y LITIGADO ANTE SU FORO SIN CAPACIDAD NI PERSONALIDAD JURIDICA YA QUE NO REPRESENTAN AL CONSEJO TITULAR DE LA ASOCIACION DE RESIDENTES DE GRAN VISTA I QUIEN ES EL UNICO ENTE JURIDICO QUE PUEDE UTILIZAR SU NOMBRE; DINERO Y RECURSOS ANTES LOS FOROS JUDICIALES.**

**ERRO EL TRIBUNAL DE PRIMERA INSTANCIA Y ABUSÓ CRASAMENTE DE SU DISCRECIÓN JUDICIAL SALA MUNICIPAL DE GURABO AL EMITIR DOCUMENTOS A NOMBRE DE GRAN VISTA INC. YA QUE LOS [RECURRIDOS] HAN COMPARECIDO AL FORO JUDICIAL EN SU CARÁCTER PERSONAL Y LA CAUSA TRAIDA AL FORO ES ILEGAL PARA TODA PERSONA NATURAL O JURIDICA.**

**ERRO EL TRIBUNAL DE PRIMERA INSTANCIA Y ABUSÓ CRASAMENTE DE SU DISCRECIÓN JUDICIAL SALA MUNICIPAL DE GURABO AL NO CUMPLIR CON LA ESCRITURA MATRIZ NUM. DOS DE CONSTITUCION DE [RESTRICCIONES] DE USO Y EDIFICACION PARA LA URBANIZACION GRAN VISTA I QUE PROHIBE LAS CAUSAS TRAIDAS COMO SABIAN LOS [RECURRIDOS] QUE CONOCEN LA MISMA.**

**ERRO EL TRIBUNAL DE PRIMERA INSTANCIA Y ABUSÓ CRASAMENTE DE SU DISCRECIÓN JUDICIAL SALA MUNICIPAL DE GURABO AL IMPONER UNA REBELDIA IMPROCEDENTE SIN RAZON ALGUNA PARA ELLO AL COMPARECER LA [PETICIONARIA] ASI SEA POR DERECHO PROPIO AL CASO**

**ERRO EL TRIBUNAL DE PRIMERA INSTANCIA Y ABUSÓ CRASAMENTE DE SU DISCRECIÓN JUDICIAL SALA MUNICIPAL DE GURABO AL NO**

**HABER CELEBRADO JUICIO PLENARIO AUN EN REBELDIA BASADO EN MERAS ESPECULACIONES DEL FORO EN CRASA PARCIALIDAD MANIFIESTA EN CONTRA DE LA [PETICIONARIA]; ABUSO CRASO DE AUTORIDAD Y DEL DERECHO VIOLANDO LOS DERECHOS CONSTITUCIONALES DE LA APELADA AL NEGARLE SU DERECHO A SER OIDA, CONTRAINTERROGAR TESTIGOS, JUEZ IMPARCIAL, PRUEBA ADMISIBLE, NOTIFICACION.**

**ERRO EL TRIBUNAL DE PRIMERA INSTANCIA Y ABUSÓ CRASAMENTE DE SU DISCRECIÓN JUDICIAL SALA MUNICIPAL DE GURABO AL NO SEGUIR LOS PROCESOS ESTABLECIDOS PARA EMITIR UNA SENTENCIA VINCULANTE AUN EN REBELDIA EN AUSENCIA DE NOTIFICACION DE EMBARGO; VISTA DE EMBARGO; SIN FIANZA Y SOLO A LA [PETICIONARIA] CONTRARIO AUN A LA SENTENCIA ILEGAL NULA EMITIDA QUE INVALIDO TODO EL PROCESO CUYA SENTENCIA NO ES EJECUTABLE POR CARECER DE SER TAMPOCO CLARA PUES NO SURGE LA RESPONSABILIDAD [INDIVIDUAL] DE CADA DEMANDADO Y NADIE LA PUEDE HACER VALER COMO TAMPOCO ES VINCULANTE.**

Oportunamente, el 19 de junio de 2026, el matrimonio Maldonado-Mercado radicó un escrito de *Desestimación de Apelación Civil.*

Así, con el beneficio de la comparecencia de ambas partes y del expediente ante nos, procedemos a disponer del presente recurso, no sin antes delimitar la normativa jurídica aplicable.

**II.**

**A.**

El auto de *certiorari* es el vehículo procesal que permite a un tribunal de mayor jerarquía revisar las determinaciones realizadas por un foro inferior y cuya expedición descansa en la sana discreción del tribunal. *Rivera v. Arcos Dulces,* 212 DPR 194, 207 (2023); *McNeil Healthcare, LLC v. Municipio de Las Piedras,* 206 DPR 391, 403 (2021). La característica distintiva del auto de *certiorari* "se asienta en la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos. El concepto *discreción* necesariamente implica la facultad de elegir entre diversas opciones". *IG Builders v. BBVAPR,* 185 DPR 307, 338 (2012) (énfasis

en el original). No obstante, " 'en el ámbito judicial, la discreción no debe hacer abstracción del resto del Derecho. . . . Es decir, [la] *discreción* es una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera' ". *Íd.,* (*citando a Pueblo v. Rivera Santiago*, 176 DPR 559, 580 (2009)) (énfasis en el original); *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 98 (2008).

Un recurso de *certiorari* es el vehículo adecuado para atender la cuestión planteada. Pues estamos ante una determinación interlocutoria post sentencia que solamente puede ser revisable mediante dicho recurso. De lo contrario, los dictámenes post sentencia quedarían sin posibilidad alguna de revisión apelativa. En ese sentido, la Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, 215 DPR \_\_ (2025), señala los criterios que debemos tomar en consideración al evaluar si procede expedir el auto de *certiorari*. *BPPR v. SLG Gómez-López*, 213 DPR 314, 336-337 (2023). La referida regla dispone lo siguiente:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> (F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Lo anterior impone al Tribunal de Apelaciones la obligación de ejercer prudentemente su juicio al intervenir con el discernimiento del foro de instancia, de forma que no se interrumpa injustificadamente el curso corriente de los casos ante ese foro. Por tanto, de no estar presente ninguno de los criterios esbozados, procede que esta Curia se abstenga de expedir el auto solicitado. *Torres Martínez v. Torres Ghigliotty, supra*, págs. 96-97.

**B.**

En nuestro sistema jurídico, la jurisdicción se ha definido como el poder o la autoridad que tienen los tribunales para considerar y resolver casos o controversias. *MCS Advantage v. Fossas Blanco et al.*, 211 DPR 135, 144 (2023); *Adm. Terrenos v. Ponce Bayland*, 207 DPR 586, 600 (2021). La falta de jurisdicción transgrede directamente sobre el poder que posee para adjudicar una controversia. *Allied Mgmt. Group. v. Oriental Bank*, 204 DPR 374, 385-386 (2020). Por lo tanto, los tribunales deben ser celosos guardianes de su jurisdicción y, por ende, deben atender con preferencia los asuntos concernientes a la jurisdicción. *R&B Power, Inc. v. Junta de Subastas ASG*, 213 DPR 685, 698 (2024); *Torres Alvarado v. Madera Atiles*, 202 DPR 495, 500 (2019). Es decir, los tribunales tienen la responsabilidad indelegable de examinar primeramente su propia jurisdicción, así como la del foro de donde procede el recurso ante su consideración. *Torres Alvarado v. Madera Atiles, supra*, pág. 500.

En lo pertinente, la Regla 52.2(b) de Procedimiento Civil, 32 LPRA Ap. V, R. 52.2, dispone que el recurso de *certiorari* para revisar para revisar resoluciones u órdenes del Tribunal de Primera Instancia ante el Tribunal de Apelaciones deberá ser presentado dentro del término de cumplimiento estricto de treinta días (30), contados desde el archivo en autos de una copia de la notificación de

la fecha de notificación de la resolución u orden recurrida. Es decir, se podrá prorrogar el término sólo cuando medien circunstancias especiales debidamente sustentadas en la solicitud de *certiorari*. *Íd.*

Similarmente, la Regla 32(C) del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA,* 2025 TSPR 42, 215 DPR __ (2025), dicta que los recursos para revisar cualquier otra resolución, orden o dictamen revisable por esta vía de conformidad con la ley, incluida una orden de protección, se formalizará mediante la presentación de la solicitud dentro de los 30 días siguientes a la fecha del archivo en o en autos de una copia de la notificación de la resolución u orden recurrida, salvo disposición legal en contrario.

A pesar de lo anterior, la moción de reconsideración puede tener un efecto en la jurisdicción de un tribunal apelativo para revisar las actuaciones de un foro inferior. *In re Laboy,* 209 DPR 288, 301 (2022). Por medio de la Regla 47 de Procedimiento Civil, 32 LPRA Ap. V, R. 47, la parte adversamente afectada por una resolución u orden emitida por el foro primario tiene un término de cumplimiento estricto de quince (15) días, contados a partir de la fecha de notificación de la orden o resolución, para radicar la solicitud de reconsideración ante el TPI. *Marrero Rodríguez v. Colón Burgos,* 201 DPR 330, 337 (2018). En esa moción se deberán exponer con suficiente particularidad y especificidad los hechos y el derecho, y "fundarse en cuestiones sustanciales relacionadas con las determinaciones de hechos pertinentes o conclusiones de derecho materiales". Regla 47 de Procedimiento Civil, supra; *Marrero Rodríguez v. Colón Burgos, supra,* págs. 337-338. Una vez presentada la moción de reconsideración con las especificidades de dicha regla, quedarán interrumpidos los términos para recurrir en alzada para todas las partes. Regla 52.2(g) de Procedimiento Civil, 32 LPRA Ap. V, R. 52.2(g); Regla 47 de Procedimiento Civil, *supra;*

*Rivera Marcucci v. Suiza Dairy*, 196 DPR 157, 166 (2016). Estos términos comenzarán a correr nuevamente desde la fecha del archivo en autos de la copia de la notificación resolviendo la petición de reconsideración. *Íd.*

En lo pertinente, la Regla 83 del Reglamento de nuestro Tribunal establece que:

[...]

(B) Una parte podrá solicitar en cualquier momento la desestimación de un recurso por los motivos siguientes:

(1) que el Tribunal de Apelaciones carece de jurisdicción;

(2) que el recurso fue presentado fuera del término de cumplimiento estricto dispuesto por ley sin que exista justa causa para ello;

(4) que el recurso es frívolo y surge claramente que no se ha presentado una controversia sustancial o que ha sido interpuesto para demorar los procedimientos, o

(5) que el recurso se ha convertido en académico.

(C) El Tribunal de Apelaciones, a iniciativa propia, podrá desestimar un recurso de apelación o denegar un auto discrecional por cualquiera de los motivos consignados en el inciso (B) precedente. El tribunal no pierde jurisdicción por el incumplimiento de una parte con un requisito reglamentario que no es de naturaleza jurisdiccional o de cumplimiento estricto.

[...]

Por ende, ante la falta de jurisdicción, el tribunal debe así declararlo y proceder a la desestimación del recurso, toda vez que cualquier sentencia dictada sin jurisdicción es nula en derecho, pues la ausencia de jurisdicción es insubsanable. *Shell v. Srio. Hacienda*, 187 DPR 109, 123 (2012).

### III.

En el caso que nos ocupa, la Sra. Vicente López nos solicita la revocación de la *Resolución* emitida el 22 de abril de 2026, y notificada al día siguiente, por el TPI en la que declaró No Ha Lugar su solicitud de relevo de sentencia al amparo de la Regla 49.2 de las de Procedimiento Civil.

Muy por el contrario, el matrimonio Maldonado-Mercado señala en su escrito que carecemos de jurisdicción para atender el recurso. Por lo que procede la desestimación del mismo.

Los tribunales deben ser celosos guardianes de su jurisdicción y, por ende, deben atender con preferencia los asuntos concernientes a la jurisdicción. *R&B Power, Inc. v. Junta de Subastas ASG, supra.* La Regla 52.2(b) de Procedimiento Civil, *supra,* dispone que el recurso de *certiorari* para revisar resoluciones u órdenes ante el Tribunal de Apelaciones deberá ser presentado dentro del término de cumplimiento estricto de treinta días (30), contados desde el archivo en autos de una copia de la notificación de la resolución u orden recurrida. Por tratarse de cumplimiento estricto, es prorrogable sólo cuando medien circunstancias especiales debidamente sustentadas en la solicitud de *certiorari. Íd.* El referido término puede ser interrumpido mediante la presentación oportuna de una moción de reconsideración ante el TPI. *Marrero Rodríguez v. Colón Burgos, supra.* A tenor, su presentación tiene el efecto de interrumpir los términos para recurrir en alzada para todas las partes. Regla 52.2(g) de Procedimiento Civil, *supra.* Una vez resuelta, los términos comenzarán a correr nuevamente desde la fecha del archivo en autos de la copia de la notificación resolviendo la petición de reconsideración. *Íd.*

Evaluado el expediente ante nuestra consideración determinamos que no tenemos jurisdicción para atender este recurso. El dictamen cuya revocación se nos solicita se emitió el 22 de abril de 2026, y se notificó al día siguiente. Por lo cual, la Sra. Vicente López tenía 30 días a partir de la fecha de notificación para acudir ante este tribunal revisor, más no lo hizo. Nótese que, el recurso se presentó el 16 de junio de 2026. Es decir, el documento fue presentado fuera del término de treinta (30) días dispuesto por nuestro ordenamiento para acudir ante este foro apelativo. Cabe

destacar que, del expediente no surge un escrito de reconsideración que interrumpiera el término para presentar el escrito que nos ocupa. Por lo cual, solo nos resta desestimar el recurso por falta de jurisdicción al amparo de la Regla 83(B) de este Tribunal.

**IV.**

Por los fundamentos que anteceden, desestimamos el recurso de *Certiorari* por falta de jurisdicción.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones